
ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN MURPHY and PAMELA MURPHY,

            Plaintiffs,

-v-                                          No. 04 Civ. 01699 (LTS)(THK)

FEDERAL INSURANCE COMPANY, THE
CHUBB CORPORATION d/b/a THE CHUBB
GROUP OF INSURANCE COMPANIES and
GUILFORD MILLS, INC.,

            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/22/05

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kevin Murphy and Pamela Murphy (together "Plaintiffs") bring this action pursuant to 28 U.S.C. § 2201 against Defendants Federal Insurance Company ("Federal"), The Chubb Corporation d/b/a The Chubb Group of Insurance Companies,[1] and Guilford Mills, Inc. ("Guilford"),[2] seeking a declaratory judgment that the claims against Defendant Guilford asserted in <u>Murphy v. Guilford Mills, Inc.</u>, No. 02-10105, are covered by an insurance policy issued to Guilford Mills by Defendant in this action, Federal Insurance Company.

Federal has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiffs' Complaint. For the following reasons, the Court finds that

---

[1]    Plaintiffs withdrew their claims against Defendant The Chubb Corporation d/b/a The Chubb Group of Insurance Companies without prejudice. (Aff. of Joseph K. Powers, dated April 30, 2004, ¶ 9, Ex. B.)

[2]    Although the Complaint names Defendant Guilford as a defendant in this action, there is no cause of action directly asserted against Guilford regarding the insurance coverage matters raised in the Complaint.

**Copies mailed**     4-22-05
**Chambers of Judge Swain**

Plaintiffs have failed to state a claim upon which relief can be granted, and therefore Defendant Federal Insurance Company's motion to dismiss the Complaint is granted pursuant to Rule 12(b)(6).

## BACKGROUND

In the underlying action, Plaintiffs claim that as a result of misinformation provided to Plaintiff Kevin Murphy ("Murphy") through Guilford's negligence, Murphy delayed seeking treatment for prostate cancer, and as a result, has suffered injuries. (Complaint ¶ 16.) Plaintiffs allege that Defendant Federal Insurance Company issued an insurance policy that covers Defendant Guilford's negligent conduct. (Id. at ¶¶ 17, 27.) Plaintiffs seek a declaratory judgment that their claims in the underlying action are covered by this insurance policy. (Id. at ¶ 32.)

Defendant Federal Insurance Company filed a motion to dismiss Plaintiffs' Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On November 18, 2004, while this motion was still pending, the New York Court of Appeals issued a decision in Lang v. Hanover Ins. Co., 820 N.E.2d 855 (N.Y. 2004), which resolved an issue relevant to this motion. The parties have since filed supplemental memoranda discussing the impact of the court's decision in Lang.

## DISCUSSION

In considering a motion to dismiss a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept as true the allegations contained in the complaint and draw all reasonable inferences in the plaintiff's favor. Smith v. AVSC Int'l, Inc., 148 F. Supp. 2d 302, 306-07 (S.D.N.Y. 2001) (citing Mills v. Polar Molecular Corp., 12 F.3d

1170, 1174 (2d Cir. 1993)). The court must not dismiss the action unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief.'" Id. at 307 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

Although Defendant Federal Insurance Company raises several issues in its motion, the key question presented is whether Plaintiffs have standing under New York State Insurance Law § 3420 ("Section 3420") to seek a declaratory judgment against an insurer prior to obtaining a judgment against the alleged insured.

The New York Court of Appeals resolved this issue in Lang v. Hanover Ins. Co., 820 N.E.2d 855 (N.Y. 2004).[3] The court there held that a plaintiff suing an insured lacks standing under Section 3420 to seek a declaratory judgment under CPLR § 3001, the New York statute governing declaratory relief, against the defendant's insurer regarding coverage until the plaintiff has obtained a judgment in the underlying action against the defendant insured. Lang, 820 N.E.2d at 858. The court stated:

> CPLR 3001 authorizes a court to declare 'the rights and other legal relations of the parties to a justiciable controversy,' providing a procedure for parties to resolve disputes over existing rights and obligations. What distinguishes declaratory judgment actions from other types of actions or proceedings is the nature of the primary relief sought – a judicial declaration rather than money damages or other coercive relief. But nothing in the language of the CPLR alters the precedent regarding an injured party's standing to sue a tortfeasor's insurer. Plaintiff has no common-law right to seek relief directly from a tortfeasor's insurer, and the

---

[3] The court's opinion in Lang makes it clear that Section 3420 is substantive in nature, and thus Section 3420 provides the applicable rule of decision in this diversity action. See NAP, Inc. v. Shuttletex, Inc., 112 F. Supp. 2d 369, 375 (S.D.N.Y. 2000) ("[W]ere the Court, which is conferred jurisdiction over the action by the happenstance of diversity and is thus duty-bound to apply state law, to ignore the potential impact of § 3420, it would effectively create a federal cause of action and confer standing to maintain suit where such a privilege may not exist under the state law and policy the Court is obligated to honor.").

statutory right created in Insurance Law § 3420 arises only after plaintiff
has obtained a judgment in the underlying personal injury action.

Id. (internal citations omitted).

Under Section 3420, as interpreted by the New York Court of Appeals, this Court concludes that Plaintiffs' claims are premature. Having failed to obtain a judgment in the underlying action, Plaintiffs lack standing to seek a declaratory judgment against Defendant Federal Insurance Company as to the insurance policy at issue.[4]

## CONCLUSION

For these reasons, Defendant's motion to dismiss the Complaint is granted, without prejudice to commencement of a further action when, if ever, Plaintiffs have secured a judgment against Guilford. The Clerk of Court is respectfully requested to close this case.

Dated: April 22, 2005
New York, New York

LAURA TAYLOR SWAIN
United States District Judge

---

[4] In correspondence relating to this motion, the parties suggest that the Court should nonetheless enter a judgment declaring the rights under the insurance policy as between Defendant Guilford and Defendant Federal Insurance Company. Given the failure of Guilford and Federal Insurance Company to request such relief in their pleadings, and given the dismissal of the underlying action in Murphy v. Guilford Mills, Inc., No. 02-10105 (LTS)(THK), by Opinion and Order dated April 22, 2005, the Court finds it inappropriate to address the coverage issue.